**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**



FILED

NOV 20 2014

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

Ricky Lee Tyndall,
        **Petitioner,**

v.
        **ACTION NO. 2:13cv574**
        **[ORIGINAL CRIMINAL NO. 2:10cr200]**

United States of America,
        **Respondent.**

### MEMORANDUM ORDER

This matter comes before the court on the "Memorandum of Law in Support of Statutory Remedy of Habeas Corpus Under 28 U.S.C. § 2255" ("§ 2255 Memorandum"), filed <u>pro se</u>[1] on August 7, 2014, by the Petitioner, Ricky Lee Tyndall, ECF No. 137;[2] and the Petitioner's "Motion for Leave to File out of Time Notice of Appeal" ("Motion for Untimely Appeal"), filed <u>pro se</u> on September 11, 2014. ECF No. 142. The Petitioner filed the Motion for Untimely Appeal subject to defect, for failure to serve the United States Attorney, which defect the Petitioner failed to correct within thirty days of the court's Order Striking Pleadings of September 17, 2014. <u>See</u> ECF No. 143.

---

[1] Because the § 2255 Memorandum is a <u>pro se</u> submission, the court construes it liberally. <u>See Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978).

[2] The Petitioner filed the § 2255 Memorandum subject to defect, which, in accordance with the court's Order Striking Pleadings of August 8, 2014, ECF No. 138, the Petitioner timely corrected on August 18, 2014. <u>See</u> ECF No. 140.

Accordingly, the Petitioner's Motion for Untimely Appeal was stricken from the record. However, in the interests of justice, so that this matter can be fully addressed, the court hereby **LIFTS** the defect, and **DIRECTS** the Clerk to file the Motion for Untimely Appeal and to forward a copy to the United States Attorney at Norfolk. For the reasons set forth below, the court **DENIES** the Motion for Untimely Appeal and **DISMISSES** the § 2255 Memorandum as a successive habeas corpus petition.

## I. Factual and Procedural History

The Petitioner filed a Motion Under 28 U.S.C. § 2255(e) to Vacate and Correct Sentence ("Original Motion") on October 21, 2013. ECF No. 125. By Memorandum Order of October 29, 2013, the court denied the Original Motion as without merit. Mem. Order at 6, ECF No. 126. In the Memorandum Order, the Petitioner was advised of his right to appeal, id. at 7, but he did not do so. The Clerk forwarded copies of the court's Memorandum Order to the Petitioner on October 29, 2013. See ECF Nos. 126 & 127. The Petitioner's copy was not returned to the court as undeliverable, and the Clerk used the address on record, which the Clerk ascertained was the correct address at that time and still is the correct address.[3]

---

[3] The Petitioner is currently imprisoned at McKean, FCI, and has been since the filing of his Original Motion of October 21, 2013. His address has not changed during the pendency of this matter.

On August 7, 2014, more than nine months after the court denied the Original Motion, the Petitioner filed the instant § 2255 Memorandum, in which he asserts that "[a]s of this 4th day of August, 2014, there has not been any action of [sic] the motion." § 2255 Mem. at 1. On August 11, 2014, the court advised the Petitioner that the court had denied his Original Motion on October 29, 2013, and the Clerk forwarded to the Petitioner another copy of the court's October 29, 2013, Final Order. See Order, ECF No. 139. On September 11, 2014, the court ordered the Petitioner to Show Cause why it should not construe the § 2255 Memorandum as a successive petition. Show Cause Order at 5, ECF No. 141. The court further advised the Petitioner that if he wished to claim that the § 2255 Memorandum was not successive, he had to file a sworn statement, under penalty of perjury, that he had never received a copy of the court's Memorandum Order of October 29, 2013, or, if he did receive it, when he received it. Id.

On September 29, 2014, the Petitioner filed an "Affidavit and Answer to Show Cause Order" ("Affidavit and Answer"). ECF No. 144. In his Affidavit and Answer, the Petitioner declares, under penalty of perjury, that "I did not receive any type of responses from my motion/petition until and after I submitted my Memorandum of Law in Support of Statutory Remedy of Habeas Corpus under 28 U.S.C. § 2255 in August of 2014." Aff. & Answer

at 3. The Petitioner further states that "I did not receive the court's decision denying my motion/petition under 28 U.S.C. § 2255(e) until August of 2014." Id. While the Petitioner did not specify in his Affidavit and Answer the exact date of receipt in August, he did so specify the date of receipt in his Motion for Untimely Appeal, as August 18, 2014. Mot. for Untimely Appeal at 1 ("On August 18, 2014, I received . . . copy of the Court's Order dated October 28, 2013 . . . .").[4] The Petitioner filed the Motion for Untimely Appeal on September 11, 2014.

## II. Discussion

### A. Motion for Untimely Appeal

In the Motion for Untimely Appeal, the Petitioner argues that had he received the court's Memorandum Order of October 29, 2013, he would have submitted a timely Notice of Appeal. Id. The Petitioner's Motion for Untimely Appeal comes well after the sixty-day period provided for by Federal Rule of Appellate Procedure 4(a)(1)(B) has run.

Federal Rule of Appellate Procedure 4(a)(6) provides for the reopening of the time to file an appeal. See Rule 11 of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. foll. § 2255 ("Federal Rule of

---

[4] In the Memorandum Order of October 29, 2013, the Petitioner was clearly advised of his right to appeal within sixty (60) days of the Order. Mem. Order at 7.

Appellate Procedure 4(a) governs the time to appeal an order entered under these rules."). However, at this late juncture, the court is without the jurisdiction to reopen the period for filing an appeal. District courts, such as this one, have the discretion to reopen the time to file an appeal,

> but only if <u>all the following conditions</u> are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or <u>within 14 days after the moving party receives notice</u> under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; <u>and</u>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added). <u>See also Portley-El v. Milyard</u>, 365 F. App'x 912, 917 n.9 (10th Cir. 2010) (noting that "the failure to meet any one condition [of Rule 4(a)(6)] precludes the reopening of the time to file an appeal," in § 2241 habeas case).

The time limitations in Federal Rule of Appellate Procedure 4(a)(6) are codified by statute. 28 U.S.C. § 2107(c). The statute reads:

> [T]he district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14

days from the date of entry of the order reopening the time for appeal.

_Id._ As such, the time limits are "<u>mandatory</u> <u>and</u> <u>jurisdictional</u>." <u>Bowles v. Russell</u>, 551 U.S. 205, 209 (2007) (emphasis added); <u>see</u> <u>United States v. Gray</u>, 98 F. App'x 239, 240 (4th Cir. 2004) (noting that the filing periods under Federal Rule of Appellate Procedure 4(a)(6) are "mandatory and jurisdictional," in § 2255 habeas case). Moreover, the time limits are not subject to "equitable modification." <u>Baker v. United States</u>, 670 F.3d 448, 456 (3d Cir. 2012) ("Accordingly, there is no doubt after <u>Bowles</u> that those rules listed in 28 U.S.C. § 2107, which are also embodied in Appellate Rules 4(a)(1) and 4(a)(6), are jurisdictional, and are not subject to equitable modification.").

In the instant case, the Petitioner fails to meet the second of three mandatory requirements for reopening the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). Even assuming that the Petitioner did not receive notice of the entry of the Memorandum Order within 21 days after entry, Fed. R. App. P. 4(a)(6)(A), and that no party would be prejudiced by reopening the time to file an appeal, Fed. R. App. P. 4(a)(6)(C), the Petitioner's Motion for Untimely Appeal was filed <u>both</u> more than 180 days after the Memorandum Order was filed <u>and</u> more than 14 days after the Petitioner received actual

notice of the Memorandum Order, in violation of Federal Rule of Appellate Procedure 4(a)(6)(B). The Memorandum Order was filed on October 29, 2014; the Petitioner asserts that he first received actual notice of the Memorandum Order on August 18, 2014; and the Petitioner filed the Motion for Untimely Appeal on September 11, 2014. The Petitioner filed the Motion for Untimely Appeal 323 days after the court filed its Memorandum Order, more than the 180 days allowed by Rule 4(a)(6)(B). Moreover, the Motion for Untimely Appeal was filed on September 11, 2014, 24 days after the Petitioner asserts he received the Memorandum Order on August 18, 2014, which is longer than the 14 days allowed by Rule 4(a)(6)(B).[5]

Because Rule 4(a) is jurisdictional, the court's hands are tied regarding the Petitioner's Motion for Untimely Appeal. See Slezak v. Burtt, 398 F. App'x 921, 922-23 (4th Cir. 2010) (upholding, in § 2254 habeas case, the district court's denial of a motion to reopen the appeal period when the petitioner failed to timely file the motion within the fourteen days required by Rule 4(a)(6)); see also Roberts v. Cain, 485 F. App'x 689, 690 (5th Cir. 2012) (finding the district court

---

[5] The Petitioner dated his Notice of Appeal as September 7, 2014, See Mot. for Untimely Appeal Ex. A, ECF No. 142-1. Further, the Petitioner apparently mailed his Motion for Untimely Appeal on September 9, 2014. See id. Ex. B, ECF No. 142-2. Even giving the Petitioner the benefit of the September 7, 2014, date, this is still 20 days after the Petitioner admits to having actually received the Memorandum Order.

<u>powerless</u> to reopen the time for filing a notice of appeal, when the motion failed to comply with Rule 4(a)(6)). Thus, at this juncture, the court is without jurisdiction to grant the Petitioner's Motion for Untimely Appeal. <u>See</u> <u>Williams v. Kelly</u>, 569 F. App'x 149, 150 (4th Cir. 2014) (finding that § 2254 habeas petitioner who failed to file a timely notice of appeal because "he was not 'properly notified' of the district court's denial decision in time to file a timely notice of appeal" was not eligible for the reopening of the appeal period under Federal Rule of Appellate Procedure 4(a)(6)).[6]

**B. § 2255 Memorandum**

If the court were to construe the instant § 2255 Memorandum as a new habeas corpus petition, then it would be successive, because the Petitioner already filed one such petition. <u>See</u> Original Mot. Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a district court may consider a second or successive § 2255 application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In the Petitioner's Affidavit and Answer, he fails to address why the court should not construe

---

[6] Further, the court is powerless to construe the Motion for Untimely Appeal as a motion for vacatur and reentry under Federal Rule of Civil Procedure 60(b). District courts are prohibited from circumventing the rules for timely appeals by granting relief from judgment under Rule 60(b). <u>See, e.g.</u>, <u>Perez v. Stephens</u>, 745 F.3d 174, 181 (5th Cir. 2014).

the instant § 2255 Memorandum as a successive § 2255 petition. The Petitioner merely alleges that he "did not receive any type of responses [sic] from [his] motion/petition until and after [he] submitted my Memorandum . . . in August of 2014." Aff. & Answer at 3.[7] This would not constitute proper grounds for construing the instant § 2255 Memorandum as anything other than a successive petition.[8] The Petitioner must, therefore, obtain an order from the Court of Appeals for the Fourth Circuit before this court will consider any successive motion under § 2255. Only after obtaining such an order may the Defendant submit further arguments for collateral review.

### III. Conclusion

For the reasons stated herein, the § 2255 Memorandum is **DISMISSED** as successive, and the Motion for Untimely Appeal is **DENIED**. The Petitioner is advised that he may appeal from this Memorandum Order by filing, within sixty (60) days of this Memorandum Order, a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510. The court declines to issue a certificate of appealability for the reasons stated herein.

---

[7] This allegation has been addressed, supra, at Part II.A.

[8] The § 2255 Memorandum, when read side-by-side with the Original Motion, does not raise any new issues of merit or substance.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to the Petitioner and to the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

November 19 , 2014