UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICKY LEE TYNDALL,

     Petitioner,

                                           CIVIL NO. 2:16cv311
v.                         [ORIGINAL CRIMINAL NO. 2:10cr200-1]

UNITED STATES OF AMERICA,

     Respondent.

## MEMORANDUM DISMISSAL ORDER

This matter comes before the court on the Petitioner's "Motion to Vacate Conviction Under 28 U.S.C. § 2255" ("§ 2255 Motion"), filed by counsel on June 15, 2016. ECF No. 191.

On June 29, 2016, the court ordered the government to file responsive pleadings to the Petitioner's § 2255 Motion within sixty (60) days of the entry date of that order. ECF No. 195. On August 29, 2016, the United States filed a "Motion to Dismiss § 2255 Petition" ("Motion to Dismiss"), which asserted that the Petitioner's § 2255 Motion is untimely under 28 U.S.C. § 2255(f), and that his claim under Johnson v. United States, 135 S. Ct. 2551 (2015), lacks merit. ECF No. 204. On September 9, 2016, the Petitioner, by counsel, filed the "Petitioner's Response to Government's Motion to Dismiss" ("Response"), which includes a request to hold this proceeding in abeyance. ECF No. 205.

For the reasons below, the Petitioner's Response, requesting a stay of this proceeding, is **DENIED**; the government's Motion to Dismiss is **GRANTED**; and the Petitioner's § 2255 Motion is **DISMISSED**.

## I. PROCEDURAL HISTORY

On March 8, 2011, the Petitioner pled guilty to Counts Two, Three, and Five of the thirteen-count Superseding Indictment. Count Two charged him with Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; and Counts Three and Five charged him with Use of a Short-barreled Shotgun During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), (B)(i) and 2. ECF No. 26. On June 14, 2011, the court sentenced the Petitioner to a total term of four hundred twenty-six (426) months imprisonment. ECF No. 87. The Petitioner appealed, and the Court of Appeals for the Fourth Circuit affirmed the convictions and sentence on October 12, 2012. ECF Nos. 120, 121. The Petitioner did not file a petition for a writ of certiorari from the United States Supreme Court.

The Petitioner has previously filed four habeas corpus petitions pursuant to 28 U.S.C. § 2255, ECF Nos. 125, 137, 165, 186, and one motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, ECF No. 176, all of which the court has denied. See ECF Nos. 126, 148, 166, 180, 188. On June 15, 2016,

the Fourth Circuit issued an Order granting authorization to the Petitioner to file the instant § 2255 Motion. ECF No. 190.

## II. DISCUSSION

### A. The Petitioner's Abeyance Request

The Petitioner requests that the § 2255 proceeding be held in abeyance pending a decision from the United States Court of Appeals for the Fourth Circuit as to whether Interference with Commerce by Robbery ("Hobbs Act robbery"), in violation of 18 U.S.C. §§ 1951(a) and 2, is a crime of violence under 18 U.S.C. § 924(c)(3). Resp. at 1. A decision from the Fourth Circuit will not result in the relief the Petitioner seeks, even should the Fourth Circuit determine that Hobbs Act robbery is not a crime of violence: Only the Supreme Court can determine whether the residual clause in § 924(c)(3) is unconstitutionally vague, see 28 U.S.C. § 2255(f)(3); Dodd v. United States, 545 U.S. 353, 357 (2005), and only the Supreme Court can determine whether this new rule of constitutional law is retroactively applicable on collateral review, see 28 U.S.C. § 2244(b)(2)(A); Tyler v. Cain, 533 U.S. 656, 662 (2001).[1] Accordingly, the court finds no reason to stay the proceeding in anticipation of a decision from the Fourth Circuit on the issue of whether Hobbs Act robbery is classified as a crime of violence, and the request to hold this proceeding in abeyance is **DENIED**.

---

[1] See infra note 3.

## B. The Petitioner's § 2255 Motion and the Government's Motion to Dismiss

The instant § 2255 Motion is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 105, 110 Stat. 1214 (1996), imposes a one-year statute of limitations on § 2255 motions. Section 2255, as amended by AEDPA, provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Petitioner's judgment became final on January 10, 2013. See Clay v. United States, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when

the time for seeking such review expires."); Sup. Ct. R. 13 (requiring a petition for a writ of certiorari to be filed within ninety days after the entry of judgment). Therefore, the one-year period to file a § 2255 motion expired on January 10, 2014, making the § 2255 Motion untimely under 28 U.S.C. § 2255(f)(1).

The Petitioner asserts that the instant § 2255 Motion is nonetheless timely pursuant to 28 U.S.C. § 2255(f)(3), based on Welch v. United States, 136 S. Ct. 1257 (2016), which made the new right recognized in Johnson applicable on collateral review. Welch, 136 S. Ct. at 1265. In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), in 18 U.S.C. § 924(e)(2)(B)(ii), because it was unconstitutionally vague. Johnson, 135 S. Ct. at 2563.

Here, the Petitioner was not sentenced under the ACCA. Instead, he challenges his conviction on Counts Three and Five, for Use of a Short-barreled Shotgun During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), (B)(i) and 2, which in turn use the definition for a "crime of violence" in § 924(c)(3). Section 924(c)(3) provides the following:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and——
>
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial
risk that physical force against the person or
property of another may be used in the course of
committing the offense.

Id. Subsection (A) is the "force clause," and (B) is the
"residual clause."

The Petitioner's conviction and sentence do not implicate
the ACCA and its residual clause in § 924(e)(2)(B)(ii), and
Johnson is inapplicable for two additional reasons. First, the
court declines to extend Johnson to hold that the definition of
"crime of violence" in § 924(c)(3) is unconstitutionally vague,[2]
particularly since the Supreme Court has not addressed this
issue.[3] Second, the predicate crime of violence for the
Petitioner's § 924(c)(1) conviction was Hobbs Act robbery. This

---

[2] District courts in this circuit have declined to extend
the ruling in Johnson to the residual clause in Section
924(c)(3). E.g., United States v. Green, No. CR RDB-15-0526,
2016 WL 277982, at *3 (D. Md. Jan. 21, 2016); United States v.
Walker, No. 3:15cr49, 2016 WL 153088, at *8-9 (E.D. Va.
Jan. 12, 2016); United States v. Hunter, No. 2:12cr124, 2015 WL
6443084, at *2 (E.D. Va. Oct. 22, 2015).

[3] Importantly, the Supreme Court has not ruled that the
residual clause in § 924(c)(3) is unconstitutionally vague. See
28 U.S.C. § 2255(f)(3); Dodd v. United States, 545 U.S. 353, 357
(2005). Even with such a ruling, the question would remain over
its retroactive applicability on collateral review, which only
the Supreme Court can determine. See 28 U.S.C. § 2244(b)(2)(A);
Tyler v. Cain, 533 U.S. 656, 662 (2001). Should the Supreme
Court invalidate the residual clause in § 924(c)(3) and
recognize that new right as retroactively applicable on
collateral review, a petitioner would have one year from the
date of the invalidation to seek collateral relief on a
§ 924(c)(1) conviction. See 28 U.S.C. § 2255(f)(3).

court has consistently found that Hobbs Act robbery is a "crime of violence" under the force clause of § 924(c)(3)(A). E.g., Brown v. United States, 163 F. Supp. 3d 315, 316 (E.D. Va. 2016), appeal docketed, No. 16-6618 (4th Cir. Apr. 29, 2016); United States v. McDaniels, 147 F. Supp. 3d 427, 433-35 (E.D. Va. 2015); United States v. Standberry, 139 F. Supp. 3d 734, 740 (E.D. Va. 2015). Indeed, multiple courts have reached the conclusion that Hobbs Act robbery can serve as a crime of violence as defined by § 924(c)(3)(A). Standberry, 139 F. Supp. 3d at 740 (citing cases). The Petitioner has not presented any arguments warranting departure from this case law, and the court reaffirms the finding here.

Because Johnson does not extend to the "crime of violence" definition in § 924(c)(3), and because the Petitioner's predicate crime of Hobbs Act robbery falls under that definition's force clause, the § 2255 Motion does not state a claim under Johnson, and it is untimely under § 2255(f)(3) for this reason.

Accordingly, there is no basis for considering the instant § 2255 Motion timely filed. As stated above, the Petitioner filed this § 2255 Motion more than one year after the judgment became final, so the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). The Petitioner alleges no unlawful governmental action that prevented him from filing the § 2255 Motion, and the

court finds none, so 28 U.S.C. § 2255(f)(2) is inapposite. As discussed herein, the § 2255 Motion is not timely pursuant to 28 U.S.C. § 2255(f)(3). Finally, the Petitioner provides no evidence of newly discovered facts that warrant the application of 28 U.S.C. § 2255(f)(4). The court, therefore, finds the Petitioner's § 2255 Motion to be time-barred. For these reasons, the Motion to Dismiss is **GRANTED** and the § 2255 Motion is **DISMISSED**.

### III. CONCLUSION

For the reasons above, the Petitioner's Response, requesting a stay of this § 2255 proceeding, is **DENIED**; the government's Motion to Dismiss is **GRANTED**; and the Petitioner's § 2255 Motion is **DISMISSED**. The court declines to issue a certificate of appealability for the reasons stated herein.

The Clerk is **DIRECTED** to send a copy of this Memorandum Dismissal Order to the counsel for the Petitioner and to the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

October 4, 2016